IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NO ORDINARY DESIGNER LABEL LIMITED D/B/A TED BAKER | § § § § § § § § § § | |
| Plaintiff, | | |
| | | CIVIL ACTION NO.  1:17-cv-00955 |
| v. | | |
| COMBATANT GENTLEMEN, INC., | | **JURY DEMANDED** |
| Defendant. | | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff No Ordinary Designer Label Limited d/b/a Ted Baker, appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1.      This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

**PARTIES**

3.      Plaintiff No Ordinary Designer Label Limited d/b/a Ted Baker ("Plaintiff") is a limited company formed under the laws of the United Kingdom with a principal place of business at The Ugly Brown Building, 6a St. Pancras Way, London, United Kingdom NW10TB.

4.     Upon information and belief, Defendant Combatant Gentlemen, Inc. ("Defendant") is a Delaware corporation with a principal place of business at 1326 Scholarship Drive, Irvine, California 92612.

## FACTS

### A.     THE ENDURANCE TRADEMARKS

5.     Plaintiff is an international clothing retail company offering men's and women's clothing and accessories, including suits, jackets, coats, shirts, dresses, and shoes.

6.     Since at least as early as 2000, Plaintiff has continuously used the marks ENDURANCE and TED BAKER ENDURANCE (the "ENDURANCE Marks") in connection with its men's formalwear, including suits, jackets, trousers, and shirts. *See* **Exhibit A**.

7.     The ENDURANCE Marks are inherently distinctive and serve to identify and indicate the source of Plaintiff's goods to the consuming public.

8.     As a result of its long use and promotion of the ENDURANCE Marks, the marks have become distinctive to designate Plaintiff, to distinguish Plaintiff and its goods from those of others, and to distinguish the source or origin of Plaintiff's goods. As a result of these efforts by Plaintiff, the consuming public widely recognizes and associates the ENDURANCE Marks with Plaintiff in connection with men's formalwear.

9.     As a result of its long use and promotion of the ENDURANCE Marks, Plaintiff has acquired valuable common law rights in the marks.

10.     In accordance with the provisions of federal law, Plaintiff has registered the TED BAKER ENDURANCE Mark on the Principal Register of the United States Patent and Trademark Office.  *See* U.S. Reg. No.  3,221,259.  The registration is valid and subsisting for articles of

clothing, namely, jackets, trousers, men's suits, coats, and shirts, and is incontestable pursuant to 15 U.S.C. § 1065. A true and correct copy of this registration is attached hereto as **Exhibit B**.

**B.    DEFENDANT'S INFRINGING ACTIVITIES**

11.    Many years after Plaintiff began use of its ENDURANCE Marks, Defendant began offering identical goods (men's suits) in connection with the identical mark ENDURANCE. *See* **Exhibit C**.

12.    Upon information and belief, Defendant's business has a negative reputation among many consumers resulting from significant delays in shipping suits and other clothing, and disappointing customer service. *See* example negative reviews, attached as **Exhibit D.**

13.    Defendant has used and is using the ENDURANCE mark in commerce. Defendant's use of the ENDURANCE mark began long after Plaintiff established rights in the ENDURANCE Marks.

14.    Defendant is not affiliated with or sponsored by Plaintiff and has not been authorized by Plaintiff to use the ENDURANCE Marks or any confusingly similar marks.

15.    Plaintiff notified Defendant of its rights in the ENDURANCE Marks, and made attempts to resolve this dispute with Defendant prior to filing this suit. Despite Plaintiff's attempts to resolve this matter amicably, Defendant has refused to respond to Plaintiff and has not ceased using the ENDURANCE mark.

**C.    EFFECT OF DEFENDANT'S ACTIVITIES**

16.    Defendant's unauthorized use of the ENDURANCE mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendant with Plaintiff or its

ENDURANCE Marks, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

17.     Defendant's unauthorized use of the ENDURANCE mark falsely designates the origin of its goods and services, and falsely and misleadingly describes and represents facts with respect to Defendant and its goods.

18.     Defendant's unauthorized use of the ENDURANCE mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff over many years, and to gain acceptance for its goods not solely on its own merits, but on the reputation and goodwill of Plaintiff, its ENDURANCE Marks, and its goods.

19.     Defendant's unauthorized use of the ENDURANCE mark unjustly enriches Defendant at Plaintiff's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendant has taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the ENDURANCE Marks developed and owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and goods.

20.     Defendant's unauthorized use of the ENDURANCE mark removes from Plaintiff the ability to control the nature and quality of the goods provided under the ENDURANCE Marks, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.  Upon information and belief, Defendant's negative reputation is likely to significantly harm the valuable reputation and goodwill of Plaintiff and its ENDURANCE Marks.

21.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

22.     Plaintiff repeats the allegations above as if fully set forth herein.

23.     The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered TED BAKER ENDURANCE mark in violation of 15 U.S.C. § 1114(1).

24.     Upon information and belief, Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the ENDURANCE Marks, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the ENDURANCE Marks. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II:  VIOLATION OF LANHAM ACT SECTION 43(a)

25.     Plaintiff repeats the allegations above as if fully set forth herein.

26.     The acts of Defendant complained of herein constitute false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27.     Plaintiff has been damaged by Defendant's acts of false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

28.     Upon information and belief, Defendant's acts of false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

29. Plaintiff repeats the allegations above as if fully set forth herein.

30. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT IV: COMMON LAW UNFAIR COMPETITION

31. Plaintiff repeats the allegations above as if fully set forth herein.

32. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT V: UNJUST ENRICHMENT

33. Plaintiff repeats the allegations above as if fully set forth herein.

34. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the ENDURANCE mark, and any other mark, name, or design confusingly similar to the ENDURANCE Marks, names, or designs, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all signage, letterhead, promotional material, internet postings and advertisements, and any

other materials bearing or using the ENDURANCE mark, and any other mark, name, or design confusingly similar to the ENDURANCE Marks, names, or designs;

(c)     Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(e)     Plaintiff recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(f)     An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(g)     Plaintiff recover its reasonable attorneys' fees;

(h)     Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(i)     Plaintiff recover such other relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Dated:  October 6, 2017

*/s/ Alexandra H. Bistline*
Alexandra H. Bistline
State Bar No. 24092137
Christopher Kindel
State Bar No. 24064530

PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR PLAINTIFF